UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

ANN READE-ALVAREZ and ANN R. STUDEN,
on behalf of themselves and all others
similarly situated,

                    Plaintiffs

                                          **SECOND AMENDED
                                          CLASS ACTION
                                          COMPLAINT AND DEMAND
                                          <u>FOR JURY TRIAL</u>**

         -against-

ELTMAN, ELTMAN & COOPER, P.C., ERIN
CAPITAL MANAGEMENT, LLC, JAMES BRIAN BOYLE,
WILLIAM NOLAN, ROBERT A. RUSSO, PAUL
RENAGHAN, CARL FON, MANUEL BRAD MOSES,
WILLIAM CORTELLESSA, PETER COOPER and
MILTON RAWLE,

                    Defendants
----------------------------------------x


## I. <u>Preliminary Statement</u>


    1. Plaintiffs ANN READE-ALVAREZ and ANN R. STUDEN, on their

own behalf and on behalf of the class they seek to represent,

brings this action for illegal practices of ELTMAN, ELTMAN &

COOPER, P.C., ERIN CAPITAL MANAGEMENT, LLC, JAMES BRIAN BOYLE,

WILLIAM NOLAN, ROBERT A. RUSSO, PAUL RENAGHAN, CARL FON, MANUEL B.

MOSES, WILLIAM CORTELLESSA, PETER COOPER and MILTON RAWLE, who used

false, deceptive, and misleading practices in conjunction with an

attempt to collect alleged debts. Plaintiffs allege that the

Defendants have violated the Fair Debt Collection Practices Act, 15

U.S.C. sec. 1692 *et. seq*. (FDCPA). Plaintiffs seek statutory damages for themselves and for the class defined herein, costs and attorneys fees.

## II. <u>Jurisdiction</u>

2. Jurisdiction of this Court arises under 15 U.S.C.A. sec. 1692k and 28 U.S.C. Sec. 1331. Venue in this District is appropriate because pertinent events took place here.

## III. <u>Parties</u>

3. Plaintiff, Ann Reade-Alvarez (plaintiff Reade-Alvarez), is a natural person residing in Woodside, New York.

4. Plaintiff Ann R. Studen (plaintiff Studen), is a natural person residing in Flushing, New York.

5. Defendant Eltman, Eltman & Cooper, P.C. (hereinafter defendant EEC) is a professional corporation existing pursuant to the laws of the State of New York. The defendant EEC maintains a principal place of business located at 111 John Street, New York, New York.

6. Defendant Erin Capital Management, LLC (defendant ECM) is,

upon information and belief, a corporation existing pursuant to the laws of the State of New York. The defendant ECM is a debt collection agency and maintains a principal place of business located at 90 Williams Street, 8th Floor, New York, New York. The defendant ECM is engaged in the business of collecting debts incurred for personal, family or household purposes.

7. Defendant James Brian Boyle (defendant Boyle) is the Founder and Chief Executive Officer of the defendant ECM. Defendant Boyle is also an attorney duly admitted to practice law in the State of New York. The defendant Boyle is also the Managing Partner of the defendant EEC. The defendant Boyle is a debt collector in that he regularly attempts to collect debts owed, or alleged to be owed, for personal, family or household purposes. The defendant Boyle controls the violative practices invoked by the defendants ECM and EEC as complained of herein and is, therefore, personally liable to the plaintiffs and to the class defined herein.

8. Defendant William Nolan (defendant Nolan) is the Senior Vice President of defendant ECM.  Defendant Nolan, is also, upon information and belief, an attorney duly admitted to practice law in the state of New York.  The defendant Nolan is a debt collector in that he regularly attempts to collect debts owed, or alleged to be owed, for personal, family or household purposes.  The defendant

Nolan controls the violative practices invoked by the defendants ECM and EEC as complained of herein and is, therefore, personally liable to the plaintiffs and to the class defined herein.

9. Defendant Robert A. Russo (defendant Russo) is the Executive Vice President & Director of Corporate Development of defendant ECM. The defendant Russo is a debt collector in that he regularly attempts to collect debts owed, or alleged to be owed, for personal, family or household purposes. The defendant Russo controls the violative practices invoked by the defendants ECM and EEC as complained of herein and is, therefore, personally liable to the plaintiffs and to the class defined herein.

10. Defendant Paul Renaghan (defendant Renaghan) is the Chief Financial Officer of defendant ECM. The defendant Renaghan is a debt collector in that he regularly attempts to collect debts owed, or alleged to be owed, for personal, family or household purposes. The defendant Renaghan controls the violative practices invoked by the defendants ECM and EEC as complained of herein and is, therefore, personally liable to the plaintiffs and to the class defined herein.

11. Defendant Carl Fon (defendant Fon) is Assistant Secretary of defendant ECM. The defendant Fon is a debt collector in that he regularly attempts to collect debts owed, or alleged to be owed,

for personal, family or household purposes.  The defendant Fon
controls the violative practices invoked by the defendants ECM and
EEC as complained of herein and is, therefore, personally liable to
the plaintiffs and to the class defined herein.

12.  Defendant Manuel Brad Moses (defendant Moses) is an
attorney duly admitted to practice law in the State of New York.
The defendant Moses is employed as an associate attorney for the
defendant EEC.  The individual defendant Moses is a debt collector
in that he regularly attempts to collect debts owed, or alleged to
be owed, for personal, family or household purposes.

13. Defendant William Cortellessa (defendant Cortellessa) is
an attorney duly admitted to practice law in the State of New York.
The defendant Cortellessa is employed as an associate attorney for
the defendant EEC.  The individual defendant Cortellessa is a debt
collector in that he regularly attempts to collect debts owed, or
alleged to be owed, for personal, family or household purposes.
The defendant Cortellessa controls the violative practices invoked
by the defendants ECM and EEC as complained of herein and is,
therefore, personally liable to the plaintiffs and to the classes
defined herein.

14. Defendant Peter Cooper (defendant Cooper) is a duly
admitted attorney admitted to practice law in the State of New

York.  The defendant Cooper is the President of the defendant EEC. The defendant Cooper is a debt collector in that he regularly attempts to collect debts owed, or alleged to be owed, for personal, family or household purposes.  The defendant controls the violative practices invoked by the defendants ECM and EEC as complained of herein and is, therefore, personally liable to the plaintiffs and to the class defined herein.

15.  Defendant Milton Rawle (defendant Rawle) is the Vice President/National Operations of defendant ECM.  The defendant Rawle is a debt collector in that he regularly attempts to collect debts owed, or alleged to be owed, for personal, family or household purposes.  The defendant Rawle controls the violative practices invoked by the defendants ECM and EEC as complained of herein and is, therefore, personally liable to the plaintiffs and to the class defined herein.

IV. <u>Facts Relating To Named Plaintiff Ann Reade-Alvarez</u>

16. That the plaintiff Reade-Alvarez allegedly incurred a debt in the amount of $1,737.03 to Providian.

17.  That at a time unknown to the plaintiff Reade-Alvarez, the alleged debt was purchased by the defendant ECM.

18. That in the attempt to collect the alleged debt referenced in paragraph 16 heretofore, the defendant ECM forwarded a letter dated 11/26/2003 on the letterhead of the defendant EEC to the plaintiff Reade-Alvarez.  A copy of said communication is attached hereto as Exhibit "1."

19. That said letter is computer generated and was submitted to the plaintiff Read-Alvarez without any meaningful attorney review.  Said letter is false, deceptive and misleading because the least sophisticated consumer would believe the letter, and all documents concerning the alleged debt referenced therein, were reviewed by an attorney prior to 11/26/2003.

20. That on 12/31/2003, the defendant ECM sent a second letter to the plaintiff Read-Alvarez on the letterhead of the defendant EEC.  Said letter sets forth (in part): "You have ignored our previous correspondence, and therefore, we must assume that this is a valid debt and that you have an obligation to pay." A copy of said letter is attached as Exhibit "2."

21. That said letter is computer generated and was submitted to the plaintiff Read-Alvarez without any meaningful attorney review.  Said letter is false, deceptive and misleading because the least sophisticated consumer would believe the letter, and all documents concerning the alleged debt referenced therein, were

reviewed by an attorney prior to 12/31/2003.

22. That on 1/14/2004, the defendant ECM forwarded another letter to the plaintiff Read-Alvarez on the letterhead of the defendant EEC. Said letter sets forth (in part): "We have attempted on numerous occasions to settle the above debt to no avail.  It is imperative that you contact this office as soon as possible to discuss this matter. If we do not hear from you we will have no alternative but to advise our client of your failure to cooperate and request authority to commence legal action against you for the full amount of the outstanding debt."  A copy of said letter is attached as Exhibit "3."

23. That said letter is computer generated and was submitted to the plaintiff Read-Alvarez without any meaningful attorney review.  Said letter is false, deceptive and misleading because the least sophisticated consumer would believe the letter, and all documents concerning the alleged debt referenced therein, were reviewed by an attorney prior to 1/14/2004.

24. That said letter dated 1/14/2004 is further false, deceptive and misleading in that the letter falsely implies that the defendant EEC would have no alternative but to request authority from their client ECM to commence legal action against the plaintiff Read-Alvarez.  In fact, the letter was sent by ECM

under the defendant EEC letterhead.

25. That on 1/28/2004, the defendant ECM forwarded another letter to the plaintiff Read-Alvarez on letterhead of the defendant EEC.  Said letter sets forth (in part): "We want to help you clear your credit with our client.  To help you do this we take a friendly approach to working out problems.  We offer AFFORDABLE PAYMENT PLANS and courteous professional service. No matter your experience in the past we are here to resolve this debt now.  **THIS OFFER IS GOOD FOR 10 DAYS ONLY**! TEN days after the date of this letter our client reserves the right to seek the full amount.  **BY ACTING NOW YOU MAY SAVE HUNDREDS OF DOLLARS.**" A copy of said letter is attached here as Exhibit "4."

26. That said letter is computer generated and was submitted to the plaintiff Read-Alvarez without any meaningful attorney review.  Said letter is false, deceptive and misleading because the least sophisticated consumer would believe the letter, and all documents concerning the alleged debt referenced therein, were reviewed by an attorney prior to 1/28/2004.

27. That said statements, as set forth in paragraph 25 are further false, deceptive and misleading in that the defendant claims to take a friendly approach to working out problems.  In fact, this letter was sent fourteen (14) days after the letter

defendant ECM had sent threatening to gain authority to commence legal action against the plaintiff Read-Alvarez and fourteen (14) days before the letter defendant ECM sent notifying the plaintiff Read-Alvarez that EEC had been authorized to commence legal action.

28. Said statements, as set forth in paragraph 25 are further false, deceptive and misleading in that they falsely imply that the plaintiff may not enter into a payment plan after the ten days have passed from 1/28/2004.

29. That the statement, **"THIS OFFER IS GOOD FOR 10 DAYS ONLY!"** and the language, **"BY ACTING NOW YOU MAY SAVE HUNDREDS OF DOLLARS,"** coupled with the text in all capitals and bolded as well as underlined, all create the false sense of urgency.

30. That on 2/11/2004, the defendant ECM sent an additional letter to the plaintiff Read-Alvarez on the letterhead of the defendant EEC.  The letter set forth (in part): "Our client has authorized us to commence legal action against you to recover the above balance.  We would, of course, prefer to resolve the debt without recourse to litigation which is costly and a burden on all concerned.  Please contact our office as soon as possible so that we may discuss this matter.  If we do not hear from you we can only assume that you have no desire to reach an amicable settlement and will have no choice but to bring suit against you for the full

balance due."  A copy of said letter is attached as Exhibit "5."

31. That said letter is computer generated and was submitted to the plaintiff Read-Alvarez without any meaningful attorney review.  Said letter is false, deceptive and misleading because the least sophisticated consumer would believe the letter, and all documents concerning the alleged debt referenced therein, were reviewed by an attorney prior to 2/11/2004.

32. That said letter, dated 2/11/2004 is further false, deceptive and misleading in that it implies that the defendant EEC has gained authority from ECM to commence legal action against the plaintiff Read-Alvarez, when in fact, the letter has been sent from ECM and not EEC.

V. <u>Facts Related to the Plaintiff Ann R. Studen</u>

33. That the plaintiff Ann R. Studen allegedly incurred a debt in the amount of $5,879.30 to Discover.

34. That at a time unknown to plaintiff Studen, the alleged debt was purchased by the defendant ECM.

35. That in an attempt to collect the alleged debt referenced in paragraph 33 heretofore, the defendant ECM forwarded a letter

dated 7/23/2004 to Ann R. Studen, also on the letterhead of the defendant EEC. A copy of said communication is attached hereto as Exhibit "6."

36. That said letter is computer generated and was submitted to the plaintiff Studen without any meaningful attorney review. Said letter is false, deceptive and misleading because the least sophisticated consumer would believe the letter, and all documents concerning the alleged debt referenced therein, were reviewed by an attorney prior to 7/23/2004.

37. That on 8/27/2004, the defendant ECM forwarded another letter to the plaintiff Studen on the letterhead of the defendant EEC. Said letter sets forth (in part): "We want to help you clear your credit with our client. To help you do this we take a friendly approach to work out problems. We offer AFFORDABLE PAYMENT PLANS and courteous professional service. No matter your experience in the past we are here to resolve this debt now. **THIS OFFER IS GOOD FOR 10 DAYS ONLY**! TEN days after the date of this letter our client reserves the right to seek the full amount. **BY ACTING NOW YOU MAY SAVE HUNDREDS OF DOLLARS**." A copy of said letter is attached here as Exhibit "7."

38. That said letter is computer generated and was submitted to the plaintiff Studen without any meaningful attorney review.

Said letter is false, deceptive and misleading because the least sophisticated consumer would believe the letter, and all documents concerning the alleged debt referenced therein, were reviewed by an attorney prior to 8/27/2004.

39. Said statement, as set forth in paragraph 37 is false, deceptive and misleading in that it falsely implies that the plaintiff may not enter into a payment plan after the ten days have passed from 8/27/2004.

40. That the statement, **"THIS OFFER IS GOOD FOR 10 DAYS ONLY!"** and the language, **"BY ACTING NOW YOU MAY SAVE HUNDREDS OF DOLLARS,"** coupled with the text in all capitals and bolded as well as underlined, all create the false sense of urgency.

41. That the defendant EEC sent a summons and verified complaint dated 8/27/2004 to the plaintiff Studen. A copy of said documents are attached hereto as Exhibit "8."

42. Said summons lists the name of the defendant Moses and the defendant Cortellessa. However, neither of said defendants generated said summons or verified complaint. Said summons was neither signed by either said attorneys listed nor notorized as required under the penalty of perjury despite the false implication that the defendant Fon executed the verification.

43. That said summons states in part: **CONSUMER CREDIT TRANSACTION IMPORTANT ! ! YOU ARE BEING SUED ! ! THIS IS A COURT PAPER — A SUMMONS DON'T THROW IT AWAY!!  TALK TO A LAWYER RIGHT AWAY!  PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED).  IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!!  YOU MAY HAVE TO PAY OTHER COSTS TOO!!!  IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY.  THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

44. The advisement, as reiterated in paragraph 43, is false, deceptive and misleading, as it fails to set forth the legal limitations upon garnishment of wages and attachment of property. Furthermore, said advisement overstates the breadth of garnishment of wages and attachment of property.

45. The advisement, as reiterated in paragraph 43, is false deceptive and misleading, as it creates a false sense of urgency.

46. Additionally, said advisement is further false, deceptive and misleading, as it fails to state the plaintiff's right under the Fair Credit Reporting Act, to dispute an alleged debt and have said dispute reflected on a consumer's credit report.

47. Attached hereto as Exhibit "9" is a portion of the website of the defendant ECM.  Said website sets forth that the corporate offices of the defendant ECM are located at 90 William Street, New York, New York 10038.  Said address is also listed as the address for defendant EEC on their letterhead of the collection letters sent to the plaintiff Alvarez and plaintiff Studen.

48.  That the website of the defendant ECM sets forth a telephone number for the defendant ECM as (212) 660-3100.  The same telephone number is set forth on the debt collection letters sent to the plaintiff Read-Alvarez and to the plaintiff Studen.  Said telephone number is the telephone number listed on the summons and verified complaint sent to the plaintiff Studen.

49. That based upon the foregoing facts set forth heretofore it is clear that the defendant ECM is sending letters and alleged legal pleadings under the name of the defendant EEC.

50. That upon information and belief, the actual address of Eltman, Eltman & Cooper is 111 John Street, Rm. 1100, New York, New York 10038 with the telephone number (212) 964-5698.

51. That pursuant to Opinion #4/87 from the Nassau County Bar Association (NCBA) a law firm is restricted from serving as in-

house counsel for, and sharing space and personnel with, a collection agency. A copy of said opinion is attached as Exhibit "10."

52. That the subject debt collection letters and the subject phony summons and verified complaint prove that the defendant ECM is engaged in the unauthorized practice of law, recognized by the herein NCBA Opinion as ethically forbidden.

53. That all of the evidence described and included herein establishes the merger of a lay business and a professional legal practice, recognized by the herein NCBA Opinion as ethically forbidden.

54. That all of the individual defendants have facilitated and engaged in the unauthorized practice of law.

## VI. Class Allegations

55. This action is brought on behalf of a class consisting of all persons with addresses in the United States to whom a collection communication was sent by the defendant ECM in the form of either Exhibits 1, 2, 3, 4 or 6 attached hereto, or any combination thereof.

56. The class period is one year prior to the filing of the complaint in this action through the present.

57. Plaintiffs allege upon information and belief, that the class is so numerous that joinder of all members is impractical.

58. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the defendants violated the FDCPA by causing collection communications to be sent to United States residents, which contain false, deceptive and misleading statements and representations.

59. The Plaintiffs' claims are typical of those of the class members. All are based on the same facts and legal theories.

60. The Plaintiffs will fairly and adequately protect the interests of the class defined herein. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue their action.

61. Certification of a class under Fed. R. Civ. P. 23(b)(3) is appropriate in that the questions of law and fact common to the

class defined herein predominate over any questions affecting only individual members of the class and a class action is superior to other methods for the fair and efficient adjudication of the herein controversy.

## VII. <u>Class Claims for Relief</u>

62. The defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. The defendants violated 15 U.S.C. sec. 1692e by using false, deceptive and misleading representations in an attempt to collect alleged debts.

b. The defendants violated 15 U.S.C. sec. 1692e(2) by communicating the false legal status of the alleged debt.

c. The defendants violated 15 U.S.C. sec. 1692e(3) by giving the false impression that any individual is an attorney or that any communication is from an attorney.

d. The defendants violated 15 U.S.C. sec. 1692e(5) by threatening to take legal action that cannot legally be taken or that is not intended to be taken.

e. The defendants violated 15 U.S.C. sec. 1692e(13) by giving the false impression that documents are legal process.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and in favor of the class for:

A. Certification of the class pursuant to Rule 23(b)(3).

B. Statutory damages for the Plaintiff pursuant to 15 U.S.C.A. sec. 1692k.

C. Statutory damages for the class pursuant to 15 U.S.C. sec. 1692k.

E. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C.A. sec. 1692k.

F. Such other and further relief as may be just and proper.

Dated: January 3, 2005

_____
ROBERT L. ARLEO, ESQ.
(RA 7506)
Attorney for the Plaintiff
225 East 79th Street, 2B

New York, New York 10021
(212) 517-9967

<u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff demands trial by jury in this action.

_____

Attorney for Plaintiff